UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Wilbert M., | Case No. 26-CV-0459 (KMM/JFD) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; and Ryan Shea, Sheriff of Freeborn County, | |
| Respondents. | |

---

IT IS HEREBY ORDERED THAT:

1. Respondents are directed to file an answer to the petition for a writ of habeas corpus of petitioner Wilbert M. by no later than January 23, 2026, certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case.

2. Respondents' answer should include:
    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition;

1

    b.    A reasoned memorandum of law and fact explaining respondents' legal position on Petitioner's claims;

    c.    Respondents' recommendation on whether an evidentiary hearing should be conducted;

    d.    Respondents' view as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025); and

    e.    Whether the absence of a warrant preceding Petitioner's arrest necessitates Petitioner's immediate release.

2.    If Petitioner intends to file a reply to respondents' answer, he must do so by no later than January 25, 2026. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

3.    Respondents are ENJOINED from moving petitioner outside of Minnesota until further order of the Court, so that petitioner may consult with counsel while the Court is considering the petition, and so that there is no risk that removal of petitioner from Minnesota will deprive this Court of jurisdiction over the petition. If petitioner has already been removed from Minnesota, respondents are ORDERED to immediately return petitioner to Minnesota.

Dated: January 20, 2026                              *s/Katherine M. Menendez*
                                                             Katherine Menendez
                                                              United States District Judge